UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IVIS MIRANDA,

        Plaintiff,

v.

HARVARD MAINTENANCE, INC. a/k/a
HARVARD SERVICES GROUP, INC. and
HARVARD SERVICES GROUP, INC. a/k/a
HARVARD MAINTENANCE, INC.,

        Defendants.

Case No.:

## COMPLAINT

Plaintiff IVIS MIRANDA ("Plaintiff") sues defendants HARVARD MAINTENANCE, INC. a/k/a HARVARD SERVICES GROUP, INC. and HARVARD SERVICES GROUP, INC. a/k/a HARVARD MAINTENANCE, INC. (collectively, "Defendants") and alleges as follows:

## NATURE OF ACTION

This action arises out of Plaintiff's employment relationship with Defendants, including her discrimination and wrongful discharge in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") on account of her age.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1346(b) as Plaintiff has presented claims pursuant to the ADEA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district, have their principal place of business within this district; also, because Defendants are subject to the Court's personal jurisdiction with respect to the civil action at bar

and because all or a substantial part of the events or omissions giving rise to this cause of action took place in Miami-Dade County, Florida.

## PARTIES

3. At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

4. At all times material, Plaintiff was an "aggrieved person" as defined by Fla. Stat. § 760.02(10).

5. At all times material, Plaintiff was an "employee" as defined by 29 U.S.C. § 630.

6. Defendants are New York corporations conducting business throughout the United States of America. They also maintain and share offices at 201 South Biscayne Blvd., 24th Floor, Miami, Florida.

7. Defendants are agents of each other, an integrated enterprise, and/or joint employers of Plaintiff. Specifically, Defendants share owners, officers, employees (including Plaintiff) and offices. Defendants work in the interest of one another. They both use the same fictitious name "Harvard" and they both paid Plaintiff with paychecks for the work Plaintiff performed for both Defendants.

8. At all times material, each Defendant was a "person" and "employer" as defined by Fla. Stat. § 760.02(7) and 29 U.S.C. § 630.

9. At all times material, each Defendant (or as a group) employed twenty (20) or more employees for the applicable statutory period and it is subject to the employment discrimination provisions of the FCRA and the ADEA.

10. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## PROCEDURAL REQUIREMENTS

11. Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office on December 17, 2020.

    b. Plaintiff was issued a Notice of Right to Sue as to all charges of discrimination on August 18, 2021.

    c. More than 180 days have passed since Plaintiff filed her original charge of discrimination.

12. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff is a 66-year-old Hispanic woman.

14. Plaintiff began working for Defendants in 2005 as a janitor.

15. Plaintiff was qualified for this position.

16. During her employment with the Defendants, Plaintiff consistently and successfully completed all her required job duties.

17. On or about October 30, 2020, Defendants fired Plaintiff allegedly due to "Covid-related" reasons.

18. However, Plaintiff was the only person who was terminated.

19. Defendants' reason for Plaintiff's termination was clearly pretextual as the real reason was discrimination on account of Plaintiff's age.

20. The motivating factor that prompted Defendants to discriminate against Plaintiff was Plaintiff's age.

21. Defendants filled Plaintiff's position with an employee who is younger than Plaintiff. Similarly, employees who are younger than Plaintiff did not get terminated when Plaintiff got terminated.

22. Plaintiff's termination in October of 2020 was an act of overt discrimination due to Plaintiff's age.

## COUNT I:

## VIOLATION OF THE FCRA – DISPARATE TREATMENT – AGE DISCRIMINATION

23. Plaintiff repeats and re-alleges paragraphs 1 – 22 as if fully stated herein.

24. Plaintiff is over 40 years old and is within a protected class.

25. At all times material to this action, Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated younger employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff due to her age.

26. As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

27. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

    A. Enter judgment in Plaintiff's favor and against Defendants for their violations of the FCRA;

    B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and other damages;

    C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

    D. Award Plaintiff back pay, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

    E. Award Plaintiff prejudgment interest on her damages award;

    F. Award Plaintiff reasonable costs and attorney's fees; and

    G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II:
## VIOLATION OF THE ADEA BY DEFENDANTS

28. Plaintiff repeats and re-alleges paragraphs 1 – 22, as if fully stated herein.

29. Plaintiff is over 40 years old and is within a protected class.

30. Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating Plaintiff differently than similarly situated younger employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff due to her age.

31. As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

32. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendants for their violations of the provisions of the ADEA;

B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C. Award Plaintiff back pay, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

D. Award Plaintiff liquidated damages under the ADEA;

E. Award Plaintiff prejudgment interest on her damages award;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

DATED: October 27, 2021.

Respectfully submitted,

**s/ Tanesha W. Blye**
Tanesha W. Blye, Esq. (FBN: 738158)
E-mail: tblye@saenzanderson.com

Aron Smukler, Esq. (FBN: 297779)
E-mail: asmukler@saenzanderson.com

R. Martin Saenz (FBN: 0640166)
E-mail: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*